IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DANIEL RAY BROWN                                                                  PLAINTIFF

         v.                       Civil No. 10-3080

YOLANDA WATSON, Probation
Officer; MIKE PIPPIN, Assistant
Area Manager; KENT VILLINES,
Parole Officer; MIKE THOMAS, Area
Manager; JEFF TILLMAN, Assistant
Director, Parole Services; DAN ROBERTS,
Director, Parole Services; DAVE
EBERHARD, Director; JAMES L.
WILLIAMS, Hearing Examiner;
DEPARTMENT OF COMMUNITY
CORRECTION; and CITY OF
HARRISON; HARRISON PROBATION
and PAROLE SERVICES                                         DEFENDANTS

### **ORDER**

Plaintiff has filed the following motions: (1) a motion for appointment of counsel (Doc. 4); (2) a motion for a writ of mandamus (Doc. 10); (3) a motion to amend his complaint (Doc. 12); (4) a motion to withdraw his motion to amend (Doc. 13); (5) a motion to amend his complaint (Doc. 14); and (6) a motion for a special report (Doc. 15). The motions will be addressed in turn.

*Motion for Appointment of Counsel* (Doc. 4)

Plaintiff is proceeding in this civil rights action *pro se* and *in forma pauperis*. He has now requested counsel be appointed for him (Doc. 4).

In *Mallard v. United States District Court*, 490 U.S. 296, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989), the Supreme Court held that 28 U.S.C. § 1915 does not authorize a federal court to

require an unwilling attorney to represent an indigent litigant in a civil case. Section 1915(e)(1) provides: "the court may request an attorney to represent any person unable to afford counsel."

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)(citation omitted). "Once indigent pro se litigants meet their burden of showing that their complaints are not frivolous . . . counsel should be [requested] if the district court determines it is necessary." *Id.*

The standard used in determining the necessity of requesting counsel to represent the litigant is whether both the litigant and the court would benefit from the assistance of counsel. *Id.* "'Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.'" *Id.* (*quoting, Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995)). *See also Stevens v. Redwing*, 146 F.3d 538, 547 (8th Cir. 1998); *Bumgarner v. Malin*, 97 F.3d 1456 (8th Cir. 1996); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In his motion, plaintiff states he suffers from "mental problems/issues" and "memory problems/issues." Without counsel, plaintiff states he could very well jeopardize his own claims. Given the complexity of the case, plaintiff maintains he should be appointed counsel.

After a review of the file, I believe plaintiff has been able to adequately set forth his claims. Plaintiff has been able to file a variety of motions requesting various forms of relief. The documents filed by plaintiff have been understood by the court. From what is currently before the court, it appears the plaintiff will be able to adequately investigate and present his case.

The motion for appointment of counsel (Doc. 4) is denied.

AO72A
(Rev. 8/82)

*Motion for a Writ of Mandamus* (Doc. 10)

Plaintiff asserts he is being retaliated against by the defendants because he filed another civil rights case, *Brown v. Hickman,* et al., Civil No. 10-3006. Among other things, because of the retaliation, he asserts he has been falsely incarcerated for a parole violation. He asks that this court step in and order the Department of Community Correction, the Arkansas Parole Board, and the Arkansas Department of Correction to release him until a proper investigation is conducted.

A writ of mandamus is regarded as an extraordinary remedy to be invoked only in drastic situations. *In re Lane,* 801 F.2d 1040, 1042 (8th Cir. 1986). "A federal court is justified in issuing a writ of mandamus, therefore, only if a petitioner is able to establish a 'clear and indisputable right' to the relief sought, the defendant has a nondiscretionary duty to honor that right, and the petitioner has no other adequate alternative administrative or judicial remedy." *Id.* (citation omitted).

Here, plaintiff has asserted various civil rights claims in this case. He has been able to file other civil actions with this court. He has been able to communicate with the court. This is not the type of drastic situation that calls for the issuance of a writ of mandamus. Accordingly, the motion for a writ of mandamus (Doc. 10) is denied.

*Motion to Amend the Complaint & Motion to Withdraw* (Doc. 12 & Doc. 13).

Plaintiff's motion to withdraw (Doc. 13) the motion to amend (Doc. 12) is granted. The clerk is directed to terminate the motion to amend (Doc. 12).

*Motion to Amend the Complaint* (Doc. 14)

Plaintiff seeks to amend his prayer for damages to specify the amount of compensatory and punitive damages he seeks against each defendant. The motion (Doc. 14) is granted. **The clerk is directed to file the motion as a supplemental complaint**.

***Motion for Special Report*** (Doc. 15)

Plaintiff asks that the court issue an order directing the defendants to investigate the allegations of the complaint and report the findings to the court. The motion (Doc. 15) is denied. At this stage in the case, the court can see no reason to order "defendants" to "investigate" the case.

IT IS SO ORDERED this 14th day of December 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)