IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DANIEL RAY BROWN                                PLAINTIFF

           v.                    Civil No. 10-3080

YOLANDA WATSON, Probation
Officer; MIKE PIPPIN, Assistant
Area Manager; KENT VILLINES,
Parole Officer; MIKE THOMAS, Area
Manager; JEFF TILLMAN, Assistant
Director, Parole Services; DAN ROBERTS,
Director, Parole Services; DAVE
EBERHARD, Director; JAMES L.
WILLIAMS, Hearing Examiner;
DEPARTMENT OF COMMUNITY
CORRECTION; and CITY OF
HARRISON; HARRISON PROBATION
and PAROLE SERVICES                                DEFENDANTS

**AMENDED REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Daniel Ray Brown filed this action pursuant to the civil rights act, 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**Background**

According to the allegations of the complaint (Doc. 3) and various supplements thereto (Doc. 6, Doc. 7, Doc. 17, Doc. 20 & Doc. 22[1]), Brown filed a civil rights action against Boone

---

[1] Document 20 and Document 22 are motions to amend the complaint. However, by separate order the motions are being granted and the Clerk is being directed to file the motions as supplements to the complaint.

County Deputy Ryan Watson, *Brown v. Hickman et al.,* Civil No. 10-3006.  At the time, Brown was on parole in Boone County under the supervision of Kent Villines, of the Harrison Probation and Parole Office.

Brown alleges that Yolanda Watson (Watson) is a probation officer in the Harrison office and the wife of Deputy Ryan Watson.  Brown indicates he is not supervised by Watson, her actions were not associated in any way with his parole supervision, and she never wrote any violation reports regarding him.

Brown believes he was retaliated against for filing the lawsuit against various individuals of the Boone County Sheriff's Office/Detention Center including Deputy Watson.  He indicates he wrote four grievances describing such retaliation and all were sent to Area #3 Manager Mike Thomas and Assistant Area #3 Manager Mike Pippin.  He alleges he even made a phone call to the Director of the Department of Community Correction Parole Services, Dan Roberts, to tell him about the problems Brown was having with the parole officers from the Harrison area. Brown also asked Roberts to look into the grievances.

Brown states he also wrote Dave Eberhard the Director of the Department of Community Correction asking him to halt or postpone the parole revocation hearing and investigate the issues of retaliation, threats, and biased supervision.  He asserts nothing was done.  He maintains Kent Villines, Jamin Martin, Mike Pippin, Mike Thomas, Yolanda Watson, and Rachel Pippin joined together "in a retaliative effort to purposefully take residential reserved inpatient drug treatment from plaintiff not once but twice."  (Doc. 3 at pg. 7).

With respect to the specific acts of retaliation against him, Brown asserts:  (1) on February 19, 2010, he reported to the Harrison Parole Office with information regarding an inpatient drug treatment facility, Wilbur D. Mills of Searcy, Arkansas.  In response, he states Watson was very hateful and rude and told him to go home and that Kent Villines would make

-2-

the arrangements and call. Brown also alleges that Watson made it appear that he had failed to report; (2) on March 19, 2010, Villines went to the wrong address in an attempt to do a home visit and then falsely accused him of absconding; (3) Villines falsely accused him of failing to report on June 4, 2010, and June 21, 2010; (4) Mike Pippin in a May 19, 2010, parole revocation hearing mentioned a civil lawsuit Brown had filed; (5) on June 25, 2010, Mike Pippin had Brown taken into custody before a drug test was "concluded;" (6) on July 8, 2010, while serving revocation papers, Pippin stated that Brown had "tapped out when you signed to waive the parole revocation hearing;" (7) Watson called his family in hopes of digging up evidence of absconding but the call backfired and Brown was cleared of absconding; (8) Watson did not pass this information onto Brown, the hearing examiner, or counsel, prior to the revocation hearing. Brown maintains Mike Thomas, Jeff Tillman, Dan Roberts and David Eberhard, although made aware of the retaliation, did nothing to end it.

Brown also maintains James L. Williams, the hearing examiner, for the May 19, 2010, and July 26, 2010, parole revocation hearings was biased. Brown asserts he was found not guilty of absconding and three counts of failure to report. (Doc. 3 at pg. 7). Brown indicates he was granted counsel for the first hearing but not for the second hearing despite the fact that he had the same mental and memory problems. (Doc. 3 at pg. 9). Brown contends he did not receive a fair hearing.

Brown has sued the Defendants in both their individual and their official capacities. As relief, Brown requests an award of monetary damages and punitive damages against each Defendant. He also seeks release from prison.

## Discussion

Several of Brown's claims are subject to dismissal. First, Plaintiff's claims against James Williams, a hearing officer with the Arkansas Parole Board, are subject to dismissal. The

Arkansas Parole Board is a state agency created by the Arkansas General Assembly. *See* Ark. Code Ann. § 16-93-201 ( 2007). Its members are appointed by the governor and confirmed by the senate. *Id.* A claim against a hearing officer of the Arkansas Parole Board is the equivalent of a suit against a state agency and Eleventh Amendment immunity precludes this official capacity claim. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Furthermore, with respect to any individual capacity claims, the hearing examiner performs essentially judicial functions and is entitled to quasi-judicial absolute immunity. *See e.g., Anton v. Getty*, 78 F.3d 393 (8th Cir. 1996); *see also Roach v. Stouffer*, 560 F.3d 860, 870 (8th Cir. 2009)("immunity, either absolute or qualified, is a *personal* defense that is available only when officials are sued in their individual capacities" (internal quotation marks and citation omitted)).

Second, the claims against the parole officers Kent Villines, Mike Pippin, Mike Thomas, and Yolanda Watson, in their official capacities are barred by the Eleventh Amendment. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

Third, to the extent Brown seeks to challenge the revocation of his parole and subsequent incarceration, the claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck*, 512 U.S. 486-87. The holding of *Heck* has been applied to claims that would, if successful, imply the invalidity of a parole or probation revocation. *See e.g., Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995). Clearly, the holding of *Heck* bars Brown's claims.

AO72A
(Rev. 8/82)

Fourth, Plaintiff's official capacity claims against David (Dave) Eberhard, the Director of the Department of Community Correction (DCC), Dan Roberts, the Deputy Director of DCC, and Jeff Tillman, an Assistant Director of DCC. The Eleventh Amendment prohibits § 1983 suits seeking monetary damages from individual state officers in their official capacities. *See Treleven v. Univ. of Minn.*, 73 F.3d 816, 818 (8th Cir. 1996).

Fifth, no claim is stated against the City of Harrison. A local governmental body may be held liable under § 1983 only if the alleged unconstitutional conduct implements official policy or custom. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690-91 (1978). Plaintiff has not alleged the existence of any custom or policy of the City of Harrison that operated to violate his constitutional rights.

Sixth, the claims against the Department of Community Correction and the Harrison Probation and Parole Services are subject to dismissal. These are state agencies and Eleventh Amendment immunity precludes such a claim. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

## Conclusion

For the reasons stated, I recommend that the following claims be dismissed: (1) all claims against James Williams, a hearing officer for the Arkansas Parole Board; (2) all official capacity claims against Kent Villines, Mike Pippin, Mike Thomas, and Yolanda Watson; (3) all claims challenging the revocation of his parole and subsequent incarceration; (4) all official capacity claims against David Eberhard, Dan Roberts, and Jeff Tillman; (5) all claims against the City of Harrison; and (6) all claims against the Department of Community Correction and the Harrison Probation and Parole Services. These claims are frivolous, fail to state claims upon which relief may be granted, seek relief against defendants who are immune from suit, or are not presently cognizable. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

AO72A
(Rev. 8/82)

This leaves Plaintiff's individual capacity claims against Yolanda Watson, Mike Pippin, Kent Villines, Mike Thomas, Jeff Tillman, Dan Roberts, and David Eberhard. By separate order service will be directed on these individuals.

**Brown has fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Brown is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of June 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE